**FEDERAL DEPOSIT INSURANCE CORPORATION, and their assignee Commercial Service of Perry, Inc., DBA Commercial Service of Perry, IA, Plaintiff,**

v.

**"C" GOLDY LIMOUSINES, INC., Defendant.**

**No. 86–K–2065.**

United States District Court, D. Colorado.

Jan. 22, 1993.

Allen W. Stokes, Jr., Denver, CO, for plaintiff.

Donald Chad Goldy, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case is before me on C. Goldy Limousine, Inc.'s ("Goldy Limos") motion to reopen this administratively closed[1] federal case and to remove a Denver County Court case ("state case") to the federal district court. Commercial Service of Perry ("assignee" or "Perry"), as assignee of the FDIC, filed the state case in 1991, purportedly pursuant to a 1987 settlement agreement of the federal case. Eric Goldy, a party to the agreement, is the sole defendant in the state case. Goldy Limos now argues that I should either remove the state case to this court or reopen the federal case in order to prohibit the state court from proceeding in the state case. For the reasons discussed below, I decline to remove the state case to this court and decline to enjoin the state court proceedings. I do, however, grant the motion to reopen for the limited purpose of determining

---

1. The case was previously assigned to Judge Alfred A. Arraj. Under his guidance, the FDIC and Limo entered into a settlement agreement in 1987 which effectively ended the dispute between the parties. Judge Arraj signed an order on June 10, 1987 ordering the Clerk to terminate administratively "the action ... without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." Upon Judge Arraj's death in 1992, the case was reassigned to me.

whether the FDIC's dilatory assignment has caused sufficient prejudice to Eric Goldy that it would be inequitable to treat the settlement agreement as unfinished. Finding sufficient prejudice to Eric Goldy, I order the settlement agreement deemed satisfied and order the case closed with prejudice.

## I. Facts and Procedural History

In 1986, the FDIC, as receiver for the insolvent Fidelity Bank of Denver, filed suit seeking to collect $130,000 upon a contract between Goldy Limos and Fidelity Bank. The parties entered into a settlement agreement in September, 1987. As part of that agreement, Eric Goldy (individually and as a principal in Goldy Limos) agreed to confess judgment on a personal note in the amount of $3753.76 to FDIC. In return, the FDIC promised to waive accrued interest on the note and to file suit in Denver County Court. After receipt of the state court summons and complaint, Eric Goldy was required to execute a stipulation and confession of judgment. Thereafter, the FDIC agreed it would stay execution on the stipulation and confession of judgment for a period of twelve months.

The FDIC never filed the Denver court action. Instead, it assigned the note to Perry in November, 1990, which in turn filed the county court action against Eric Goldy in July, 1991. Goldy filed a motion to dismiss the state case in May, 1992. He asserted that the state case should be dismissed because 1) the note had been reformed and modified into a contract; 2) the contract could not be assigned because it was a personal services contract and 3)

because the statute of limitations was only three years, not six as in a note.

The county court denied the motion. It found the suit was based on a note, that the statute of limitations had not run, and that the note was freely assignable under the settlement agreement. This motion to reopen or remove followed. At argument in this court on January 11, 1993, the assignee did not contest that Eric Goldy is preparing to be ordained as a minister and that the untimely filing of the state action may cause him significant hardship in the context of the ordination proceedings. The FDIC did not appear at the hearing or participate in the earlier briefing of the issue.

## II. Discussion

■ Goldy Limos urges me to review and reverse the state court's ruling on the motion to dismiss. I decline so to rule. Quite apart from the anomalous standing issue,[2] principles of comity and the abstention doctrine prevent such action. Legal errors of the lower state court, if any, should be reviewed, if at all, by a higher state court.

■ Goldy Limos next suggests, sotto voce, that removal of the state case to the federal court is somehow appropriate. I disagree. Although the state case might otherwise qualify for removal under 28 U.S.C. § 1332, except that the amount in controversy is slightly less than $4,000.[3]

■ Finally, Goldy Limos argues that I should forbid the assignee from proceeding in the state case because of the FDIC's delay in satisfying the settlement agreement. I am unable so to rule. See 28

---

**2.** Goldy Limos is not a party-defendant in the state case, only Eric Goldy is. In the federal case Eric Goldy is not a party, but only a signatory to the settlement agreement.

**3.** In making this ruling I am mindful of Goldy Limos' motion to dismiss filed October 23, 1986. There it asked Judge Arraj to dismiss the case pursuant to the "Doctrine of Judicial abstention, and to require that the Plaintiff file suit on this matter in the State District Court...." Cf. J. Harris, The Complete Tales of Uncle Remus 13, 14 (1955):

"Skin me, Brer Fox, snatch out my eye-balls, t'ar out my years by de roots, en cut off my

legs, but do please, Brer Fox, don't fling me in dat brier-patch.'

Co'se Brer Fox wanter hurt Brer Rabbit bad ez he kin, so he cotch 'im by de behime legs en slung 'im right in de middle er de brier-patch.... Bimeby he hear somebody call 'im, en way up de hill he see Brer Rabbit settin' cross-legged on a chinkapin log koamin' de pitch out'n his ha'r wid a chip. Den Brer Fox know dat he bin swop off mighty bad. Brer Rabbit wuz bleedzd fer ter fling back some er his sass, en he holler out: 'Bred en bawn in a brier-patch, Brer Fox— bred en bawn in a brier-patch!' "

U.S.C. § 2283. I can, however, as a court of equity, determine whether laches should apply. That is, I can determine whether the FDIC so neglected to assert its right to file suit for such a length of time that it has caused substantial prejudice to Eric Goldy. Laches, of course, is an unexcusable, unreasonable or prejudicial delay in assertion of a right to the disadvantage or injury to another.

■ The FDIC's conduct amply fits this definition. Under the terms of the settlement, Goldy Limos agreed to turn over a PUC license to the FDIC within thirty days of the settlement and to make a one-time payment of $650 on the date of execution of the agreement. Goldy Limos carried out its part of the settlement agreement. Inexplicably, the FDIC did not. It did not appear or respond to the motion to remove or reopen. Nor did it or its assignee ever proffer any explanation for the ensuing four year delay. At the hearing on the motion to remove or reopen, the assignee offered testimony to suggest that Eric Goldy had not suffered and would not suffer substantial prejudice from its failure to file immediately the state case. The doctrine of laches is accordingly satisfied.

As an appropriate equitable remedy, I order that paragraphs five and six[4] of the settlement agreement be deemed constructively satisfied by dint of the FDIC's failure to carry out its portion of the agreement. I further order the parties finally to comply with paragraph one of the settlement agreement. That paragraph requires them to execute a stipulation for dismissal with prejudice. Upon receipt of the stipulation for dismissal, the Clerk of the Court shall enter an order of final judgment.

I express no thoughts or opinions on the impact my decision may, or should have, on the state case. I leave those issues to the state court and the parties there.

---

**4.** These paragraphs required Eric Goldy to confess judgment on the personal note to Fidelity Bank, the FDIC to file suit in Denver County Court, and Eric Goldy to sign the confession of judgment within ten days after service of the state summons on him.